IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA CIVIL DIVISION

CASE NUMBER:

Charles L. Bigham,

    Plaintiff,

vs.

OSG Ship Management, Inc., a foreign corporation,
OSG Enterprise, LLC, a foreign corporation and
OSG 214, LLC, a foreign corporation,

    Defendants,
_____/

## SEAMAN'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Charles L. Bigham sues Defendants, OSG Ship Management, Inc., OSG Enterprise, LLC, OSG 214, LLC for damages and allege as follows:

### FACTS COMMON TO ALL COUNTS

1. Jurisdiction is proper pursuant to 28 U.S.C. § 1333, 46 U.S.C. § 30104 and the general maritime law of the United States.

2. Plaintiff, Charles L. Bigham is a resident of the State of North Carolina and was employed as a seaman by Defendant, OSG Ship Management, Inc. at all material times.

3. Plaintiff, Charles L. Bigham worked as a seaman aboard the tug OSG ENTERPRISE (USCG Official #587753), which was owned by Defendant, OSG Enterprise, LLC. The tug OSG ENTERPRISE was connected to a barge known as the OSG 214. The barge OSG 214 is owned by Defendant, OSG 214, LLC.

Both Defendants, OSG Enterprise, LLC and OSG 214, LLC were doing continuous and systematic business in the State of Florida by operating watercraft, vessels and barges on the navigable waters of Florida including Tampa Bay. The Defendants are thus subject to Florida's long arm statute and are subject to service of process pursuant to Florida Statutes 48.193 and 48.19.

4. Defendant, OSG Ship Management, Inc. was the employer of Plaintiff, Charles L. Bigham at all material times. Defendant, OSG Ship Management, Inc. is doing continuous and systematic business within the district by employing seaman who work aboard vessels the navigable waters of the State of Florida. Defendant, OSG Ship Management, Inc.'s principle office is located in Tampa, Florida. Defendant, OSG Ship Management, Inc. was also the operator of the tug OSG ENTERPRISE and the barge OSG 214.

5. At all material times the Plaintiff, Charles L. Bigham was employed by Defendant, OSG Ship Management, Inc. and working as seaman aboard the tug OSG ENTERPRISE and barge OSG 214 on July 3, 2013.

6. Jurisdiction is proper as Plaintiff, Charles L. Bigham, is an American seaman bringing a negligence claim under the Jones Act, 46 U.S.C. § 30104, against his employer Defendant, OSG Ship Management, Inc.

7. Jurisdiction is proper as Plaintiff, Charles L. Bigham, is an American seaman bringing an unseaworthiness claim under the general maritime law of the United States against Defendant, OSG Ship Management, Inc., pursuant to 28 U.S.C. § 1333 and the owner of the tug OSG ENTERPRISE, pursuant to 28 U.S.C. § 1333 and the owner of the barge OSG 214, pursuant to 28 U.S.C. § 1333.

8. Defendant, OSG Ship Management, Inc. has been doing continuous and systematic business within the Middle District of Florida by employing seamen who work within its ports and waterways and by operating the OSG ENTERPRISE and OSG 214 within its ports and waterways. Defendant, OSG Ship Management, Inc. has purposefully availed itself of the benefits and privileges of doing business within the State of Florida. Therefore venue is proper under 28 U.S.C. § 1391.

## COUNT I - JONES ACT NEGLIGENCE CLAIM OF PLAINTIFF, CHARLES L. BIGHAM AGAINST DEFENDANT, OSG SHIP MANAGEMENT, INC.

Plaintiff, Charles L. Bigham repeats and realleges paragraphs 1 through 8 and further alleges:

9. Plaintiff, Charles L. Bigham, brings this negligence action against his employer, Defendant, OSG Ship Management, Inc. pursuant to the Jones Act, 46 U.S.C. § 30104.

10. The Defendant, OSG Ship Management, Inc. had the duty to provide him with a safe place to work, proper tools and equipment, a safe and proper crew and seaworthy vessel. Plaintiff, Charles L. Bigham, was employed by Defendant, OSG Ship Management, Inc. as a seaman and was injured on July 3, 2013 as a result of the failure of the company to have a safe and proper means of transferring from the tug OSG ENTERPRISE to the barge OSG 214. On July 3, 2013, the vessels were at sea and the tug OSG ENTERPRISE was "in the notch" of the barge OSG 214. On that date seaman Bigham was working and ordered to go from the tug to the barge. The only means available to get from the tug to the

barge was by using a five foot portable ladder that was on the barge to enable seaman to gain access to the removable platform on the tug. When on the ladder seaman Bigham fell off the ladder onto the deck due to the unstable and unsafe equipment used by the Defendants. Plaintiff was injured as a result of his fall. This unsafe access from the tug to the barge was well known to the Captain and crew and Defendants and their safety teams before Plaintiff was injured. In fact the unsafe access point from tug to the barge was brought up in shipboard safety meetings by the tug's crew and was reported to management. Additionally, other people using the ladder had been injured due to the improper and unsafe arrangement.

11. That Defendant, OSG Ship Management, Inc. was negligent and breached that duty through the following acts or omission and commission:

   a. failure to have a safe place to work;

   b. failure to have a safe method of allowing the crew to pass between the tug and barge during all load conditions;

   c. failure to correct the known unsafe condition (portable ladder) in a timely manner when brought to the attention of the company and ship's Captain;

   d. failure to correct the known unsafe condition which forced him to use the "jury rigged" set up of the portable ladder.

12. That the negligence set forth in paragraph 11 was the direct and proximate cause of Plaintiff, Charles L. Bigham falling off the ladder to the deck, which caused him personal injuries, including an injury to his right knee, hip, left hand and ring finger.

13. As a direct and proximate result of Plaintiff, Charles L. Bigham's fall, he has suffered injuries to his left ring finger, left hand, hip and right knee and injuries to other parts of his body, all of which required medical aid and attention. Plaintiff has lost wages and suffered a diminishment of earning capacity; plaintiff has and will continue to suffer great pain and inability to lead a normal life; plaintiff has and will continue to suffer from pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment and aggravation of a previous exiting condition. The plaintiff has sustained a permanent injury.

WHEREFORE, Plaintiff, Charles L. Bigham, demands judgment against Defendants, OSG Ship Management, Inc., OSG Enterprise, LLC and OSG 214, LLC, jointly and severally with other Defendants in the amount of three million dollars ($3,000,000.00), together with costs, prejudgment and post judgment interest. Plaintiff demands a trial by jury.

### COUNT II - PLAINTIFF, CHARLES L. BIGHAM'S UNSEAWORTHINESS CLAIM AGAINST DEFENDANT, OSG ENTERPRISE, LLC AND OSG 214, LLC

Plaintiff, Charles L. Bigham repeats and realleges paragraphs 1 through 8 and further alleges:

14. The personal injuries sustained were caused by the unseaworthiness of the tug OSG ENTERPRISE and barge OSG 214.

15. Defendant, OSG Ship Management, Inc. as, operator and manager of the tug OSG ENTERPRISE and barge OSG 214, Defendants, OSG Enterprise, LLC and OSG 214, LLC had an absolute and non-delegable duty to provide the plaintiff with a

reasonably safe place to work and a seaworthy vessel as the respective owners of the tug and barge.

16. That the tug OSG ENTERPRISE and barge OSG 214 were unseaworthy and were not reasonably fit for their intended use due to the following conditions:

   a. failure to have a safe place to work;

   b. failure to have a safe method of allowing the crew to pass between the tug and barge during all load conditions;

   c. failure to correct the known unsafe condition (portable ladder) in a timely manner when brought to the attention of the company and ship's Captain;

   d. failure to correct the known unsafe condition which forced him to use the "jury rigged" set up of the portable ladder.

17. The allegations set forth in paragraph 16 above render the vessels unseaworthy and were the proximate cause of plaintiff's injuries. As a result of the unseaworthiness of the tug OSG ENTERPRISE and barge OSG 214, Plaintiff, Charles L. Bigham, suffered injuries to his left ring finger, left hand, hip and right knee and other parts of his body, all of which required medical aid and attention. Plaintiff has lost wages and suffered a diminishment of earning capacity; plaintiff has and will continue to suffer great pain and inability to lead a normal life; plaintiff has and will continue to suffer from pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment and aggravation of a previous exiting condition. The plaintiff has sustained a permanent injury.

WHEREFORE, Plaintiff, Charles L. Bigham, demands judgment against Defendant, OSG Ship Management, Inc., OSG Enterprise, LLC and OSG 214, LLC jointly and severally with other Defendants in the amount of three million dollars ($3,000,000.00), together with costs, prejudgment and post judgment interest. Plaintiff demands a trial by jury.

/s/ Jacob J. Munch
JACOB J. MUNCH, ESQUIRE
MUNCH AND MUNCH, P.A.
600 S. Magnolia Avenue – Suite 325
Tampa, Florida 33606
Phone: (813) 254-1557
Fax:    (813) 254-5172
Florida Bar Number 376523
Attorney for Plaintiff, BIGHAM
sealaw@tampabay.rr.com